**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL SHERMAN ALLEN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **No. 15-4011** |
| **CO. SETTLE, et al.** | : | |

**MEMORANDUM OPINION**

Savage, J.                                                                                      December 23, 2015

Plaintiff Michael Sherman Allen ("Allen"), a state prisoner, brings this *pro se* § 1983 action against fourteen defendants he contends violated his constitutional rights under the Eighth Amendment. He alleges that several correctional officers assaulted him, the medical staff at the State Correctional Institution at Graterford ("SCI-Graterford") deliberately ignored his serious medical needs arising from the assault, and Department of Corrections ("DOC") staff members involved in the grievance process violated his rights in dismissing his grievances.

The DOC defendants who were part of the grievance process and the defendant Ferdinand Christian, the physician who treated Allen, have moved to dismiss the complaint. We shall grant the moving DOC defendants' motion and deny Christian's motion.

**Factual and Procedural Background[1]**

On November 16, 2014, while Allen was taking a shower, defendant Sergeant Shawn Hissinger ordered him out of the shower.[2] While Hissinger and Allen engaged in a discussion, defendant Edward Settle, a correctional officer, threatened to throw Allen

---

[1] The facts are recited from the complaint. For purposes of considering the motions to dismiss, we accept them as true and draw all reasonable inferences from them in Allen's favor.

[2] Compl. (Doc. No. 3) at 4.

down the steps if he continued to give him "lip."[3]  When Allen attempted to find a superior officer, defendant Todd McCormack, another correctional officer, blocked him and attempted to throw him down the steps.[4]  At that point, Allen "resisted without punches," and "40 or so" correctional officers "jumped" him.[5]  McCormack kneed Allen in the groin and scraped his shin with a key while another correctional officer choked him.[6]  The officers then beat, cuffed, and dragged Allen to the sally port.[7]  There, they continued to beat him and refused to loosen his handcuffs.[8]

Hissinger charged Allen with misconduct for being in an unauthorized area and disobeying an order.[9]  McCormack and Settle also each charged Allen for refusing to obey an order and for assault.[10]  The Hissinger and McCormack misconducts were dismissed.[11]

As a result of the attack, Allen suffered limited neck motion, a dislocated left shoulder, severe groin and lower back pain, nerve damage in his hands, and lacerations to his hands and legs.[12]  Without making a diagnosis, the medical staff, including Christian, prescribed Allen pain medication and ordered him not to work or participate in

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 6.

[10] *Id.*  The Settle misconduct stated that the assault consisted of Allen's "raising [his] hands in the air wildly."  *Id.*  Allen contends that this was merely a gesture.  *Id.*

[11] *Id.*

[12] *Id.* at 4-5.

sports.[13]  Each day after the attack until he was transferred from SCI-Graterford, Allen signed up for sick call.[14]  When medical staff came to his cell, they left without examining him or logging a complaint because the guards had instructed the medical staff not to check on him.[15]  Christian told Allen that he was "not going to assist [Allen] in a lawsuit."[16]  As a result of the lack of treatment, Allen is restricted from employment and activities at his current institution.[17]

Two days after the attack, after reviewing video of the incident, defendant Mary Canino, a DOC hearing examiner, found Allen guilty of refusing to obey an order and of assault.[18]  She concluded that Allen's raising his hands toward Settle, which Allen characterizes as a gesture, was an assault.[19]  Allen appealed to the Program Review Committee.[20]  The members hearing the appeal, defendants Gerald Arasin, Derek White and Norma Hicks, determined that there were no procedural violations and Canino's findings of fact were clear and credible.[21]

Allen then appealed to defendant Michael Wenerowicz, superintendent of SCI-Graterford.[22]  Defendant Jay Taire, who responded on Wenerowicz's behalf, denied the

---

[13] *Id.* at 4.

[14] *Id.* at 5.  Allen is currently incarcerated at SCI-Fayette.  *Id.* at 1.  When he was transferred is not clear.

[15] *Id.* at 5.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 7.

[19] *Id.*

[20] *Id.*

[21] *Id.* at 7, 21.

[22] *Id.* at 7.

3

appeal.[23] At the next and final level, defendant Robin Lewis, chief hearing examiner for the DOC, determined that the findings were supported by the record.[24] Lewis denied Allen's final appeal.[25]

Allen filed at least three grievances related to the alleged attack and Christian's subsequent failure to treat him.[26] The grievances appear to be dated November 30, 2014, December 25, 2014, and December 28, 2014.[27] Only the December 25 grievance bears a grievance number, 544480.[28] The November 30 and December 28 grievances are not numbered.[29] Allen was given a hearing date of January 21, 2015.[30] Defendant Kerry Kerschner, the grievance coordinator and assistant superintendent, dismissed Grievance No. 546049 as untimely.[31]

Allen filed his *pro se* complaint on July 23, 2015. In addition to seeking $5 million in damages, he wants the misconduct removed from his record. He demands to be examined and treated by medical personnel outside of the DOC. He also requests a transfer to a correctional facility of his choice.

---

[23] *Id.* at 7, 22.

[24] *Id.* at 7, 23.

[25] *Id.* at 7, 23.

[26] *Id.* at 5, 8, 16-18.

[27] *Id.* at 16-18.

[28] *Id.* at 16.

[29] *Id.* at 17-18. Of the three grievances attached to the complaint, only the December 25 grievance, numbered 544480, appears legible. *Id.* at 16. Allen indicates that his December 28, 2014 grievance was numbered 546049. *Id.* at 5. This is not clear from the grievance form. *Id.* at 18.

[30] *Id.* at 5.

[31] *Id.* at 5, 19. Per the Grievance Rejection dated January 8, 2015 and signed by Kerschner, Grievance No. 546049 was not submitted within fifteen working days after the alleged attack. *Id.* at 19.

In his motion to dismiss, Christian asserts that the complaint does not allege that he was deliberately indifferent to a serious medical need and that his conduct caused Allen any injury. He also argues that Allen failed to exhaust his administrative remedies as required by the PLRA.

Defendants Canino, Arasin, Hicks, White, Wenerowicz, Taire, Lewis, and Kerschner (the "DOC defendants") contend they are not liable because they had no personal involvement in the alleged attack. Defendants Davidek, Hissinger, Levengood, McCormack, and Settle filed an answer with affirmative defenses on October 2, 2015.

## Standard of Review

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all well pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege

facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557). Additionally, a *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in Allen's complaint and draw all possible inferences from these facts in his favor.

### The DOC Defendants

To maintain an action against a government actor in his individual capacity, the plaintiff must establish that the defendant was personally involved in the wrongdoing. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). He must demonstrate that the defendant either personally directed or actually knew and acquiesced in the wrongful conduct. *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Because Allen only alleges that they participated in reviewing his appeals and his grievance, the moving DOC defendants argue that they lack the personal involvement necessary for § 1983 liability.

A prison official's participation in the grievance process does not expose him to individual liability for the conduct underlying the prisoner's grievance. Participation in a review of the grievance does not establish personal involvement establishing § 1983 liability. *Collins v. Williams,* 575 F. Supp. 2d 610, 615 (D. Del. 2008) (citing cases).

6

Allen alleges that Kerschner rejected his grievance and Canino, Arasin, Hicks, Wenerowicz, Taire, White, and Lewis reviewed and rejected his appeals. Allen does not allege that they played any role in or had any contemporaneous knowledge of the attack that occurred on November 16, 2014. Thus, Allen has failed to state a § 1983 claim against the moving DOC defendants.

If Allen is claiming his due process rights were violated because his grievances were ignored, his claim is without merit. Prisoners do not have a constitutional right to a grievance procedure. Nor does a state-established grievance process create a liberty interest protected under the Fourteenth Amendment. *See Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citations omitted); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Furthermore, "administrative review of prison disciplinary hearings is not constitutionally guaranteed." *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983). Therefore, a prisoner's due process rights are not violated when prison officials fail to respond to his grievances. *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004); *see also Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (stating that "a state statute or regulation conferring a right is not alone enough to trigger due process").

### Defendant Christian

*Deliberate Indifference*

The Eighth Amendment protection against cruel and unusual punishment extends to the prisoner's right to medical care. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Thus, failure to provide adequate medical care violates a prisoner's right to be free from cruel and unusual punishment when it results from "deliberate indifference to a prisoner's serious illness or injury." *Id.* at 104-05.

To state an Eighth Amendment claim arising out of the failure to treat his medical condition, Allen must plead sufficient facts that, if proven, would establish two elements: (1) he had a serious medical need; and (2) prison officials were deliberately indifferent to that need.  *Spruill v. Gillis*, 372 F.3d 218, 235-36 (3d Cir. 2004).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).  A medical condition is serious when the denial or delay of medical treatment causes "unnecessary or wanton infliction of pain."  *Id.* at 347.

A failure to treat a serious medical need alone does not give rise to an Eighth Amendment violation.  The state actor must be deliberately indifferent for § 1983 liability to attach.

Deliberate indifference to a serious medical need is shown when: (1) a doctor intentionally inflicts pain on a prisoner; (2) a prison official denies reasonable requests for medical treatment, exposing the inmate to undue suffering or the threat of tangible residual injury; or (3) a doctor or an official intentionally refuses to provide care even though he is aware of the need for such care.  *Spruill*, 372 F.3d at 235.  A prison official is deliberately indifferent if he disregards a known excessive risk to the inmate's health and safety.  It is not enough that the official is aware of facts from which an inference can be drawn that the inmate is exposed to a substantial risk of serious harm.  The official must actually draw that inference.  *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).

Allen alleges that as a result of the attack on November 16, 2014, he was unable to move his neck; his left shoulder popped out of its socket; and he experienced severe groin pain, lower back pain, and nerve damage in his hands.[32] In addition, his legs and hands were cut and bleeding.[33] Christian acknowledged the seriousness of Allen's injuries by prescribing him pain medication and restricting his participation in work and sports.[34] Thus, Allen has sufficiently alleged a serious medical need.

There is no allegation that Christian intentionally inflicted pain on Allen. However, according to Allen, his repeated requests for care were denied. Allen alleges that Christian intentionally refused to provide him care because he did not wish to assist Allen in a lawsuit and the prison staff instructed him not to treat him.[35] These facts, if proven, could show that Christian acted with deliberate indifference toward Allen when he denied him needed treatment for a serious medical condition. Therefore, Allen has stated an Eighth Amendment claim against Christian.

*Causation*

Christian correctly asserts that causation is a necessary element of a § 1983 action. *See, e.g.*, *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (factual and proximate causation are elements of § 1983 action). He argues that there are no averments, factual or conclusory, in the complaint making out causation. Contrary to Christian's contention, Allen has adequately pleaded causation.

---

[32] Compl. at 4.

[33] *Id.* at 5.

[34] *Id.* at 4.

[35] *Id.* at 5.

Allen alleges that as a result of Christian's failure to provide adequate medical care, he endured unnecessary pain and suffering. Furthermore, Allen is restricted from employment and other activities at SCI-Fayette, where he is currently incarcerated.[36] Whether Allen can prove these allegations at trial is another matter. However, he has sufficiently pleaded the element of causation.

*Exhaustion*

The PLRA requires a prisoner to exhaust the administrative remedies available to him before bringing an action with respect to prison conditions under § 1983. 42 U.S.C. § 1997e(a). However, a prisoner is not required to plead exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, exhaustion is an affirmative defense that the defendant must raise. *Id.* It is not a jurisdictional requirement. *Woodford v. Ngo*, 548 U.S. 81, 101 (2006); *Nyhuis v. Reno*, 204 F.3d 65, 69 & n.4 (3d Cir. 2000). Only when non-exhaustion is apparent from the face of the complaint may the complaint be dismissed at the 12(b)(6) stage. *Jones*, 549 U.S. at 215 (citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)).

Christian argues that it is apparent that Allen's grievance was dismissed as untimely because it was not filed within the required fifteen-working-day period. In addition, Christian asserts that the DOC has established a three-tier grievance procedure in policy statement DC-ADM 804. Allen counters that it was the responsibility of prison officials to provide him with the grievance forms and, once completed, to place

---

[36] Compl. at 5.

them in the appropriate box.[37] Allen claims that he relied on the officers to comply with grievance procedures.[38]

It is not clear which of Allen's grievances was dismissed as untimely. The Grievance Rejection on which Christian relies relates to Grievance No. 546049. However, none of the three grievances attached to the complaint is numbered 546049. The only numbered grievance attached to the complaint is Grievance No. 544480, dated December 25, 2014. One of the other grievances appears to be dated November 30, 2014, which is within the fifteen-working-day period. What happened to these two grievances is not known. Moreover, Allen is not required to plead compliance with the grievance procedures set forth in DC-ADM 804. Accordingly, we cannot, at this stage, dismiss his complaint for non-exhaustion.

## Conclusion

Because the DOC defendants lacked any personal involvement in the acts giving rise to Allen's claims, we shall grant their motion to dismiss. We shall deny Christian's motion to dismiss because Allen has adequately pleaded that Christian was deliberately indifferent to a serious medical need and that Christian's acts or omissions were the factual cause of Allen's injuries.

---

[37] Compl. at 5; Resp. in Opp'n to Mot. to Dismiss (Doc. No. 12) at 3.

[38] Compl. at 5; Resp. in Opp'n to Mot. to Dismiss at 3.